UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHELLE YOUNCE, <br>     Plaintiff, <br> <br>     v. <br> <br> FRANK BISIGNANO, Commissioner <br> of the Social Security Administration, <br>     Defendant. | ) <br> ) <br> ) <br> )   CAUSE NO.: 2:25-CV-138-JEM <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Michelle Younce on March 26, 2025, and Plaintiff's Opening Brief [DE 12], filed on June 26, 2025. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On August 11, 2025, the Commissioner filed a response. Plaintiff did not file a reply within the time allotted to do so. For the following reasons, the Court remands the Commissioner's decision.

**I.     Background**

On February 7, 2022, Plaintiff filed applications for benefits, with an amended alleged onset date of May 15, 2018. Plaintiff's application was denied initially and upon consideration. On February 7, 2024, Administrative Law Judge ("ALJ") Mary P. Hubert held a telephonic hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On March 28, 2024, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2024.

1

2. The claimant is the unmarried widow of the deceased injured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.

3. The prescribed period ended on May 31, 2020.

4. The claimant has not engaged in substantial gainful activity since May 15, 2018, the amended alleged onset date.

5. The claimant has the following non-severe impairments: anxiety, depression, mood disorder, opioid dependence, and degenerative disc disease of the lumbar spine.

6. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

7. The claimant has the residual functional capacity to perform light work except that the claimant can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can understand, remember, and carry out detailed, but not complex tasks. The claimant can have occasional interaction with coworkers, supervisors, and the general public. The claimant can attend to tasks for a sufficient period to complete tasks. The claimant can manage the stress involved with detailed work-related tasks.

8. The claimant is capable of performing past relevant work as a Hand Packager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

9. The claimant has not been under a disability as defined in the Social Security Act from May 15, 2018, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.     Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

**III.    Analysis**

Plaintiff argues that the ALJ erred in her handling of Plaintiff's osteoarthritis and hand pain and its effect on her RFC.

The ALJ acknowledged that Plaintiff has been diagnosed with arthritis and joint pain for which she received treatment, including pain medication, and noted, "Although clinical findings have been consistent with her above mentioned impairments, with observed spinal and musculoskeletal abnormalities, these issues appear to be controlled/stable with treatment as clinical examinations show no significant worsening in the claimant's functional abilities." AR 20. She stated that "the claimant's reported limitations have been considered and accommodated in the above residual functional capacity" but there is no explicit explanation of how she accommodated Plaintiff's hand pain. AR 24.

An ALJ's decision denying benefits will be affirmed "so long as it is supported by substantial evidence, a threshold that is not high." *Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025) (citations and quotation marks omitted). Though ALJs do not need to discuss every piece of evidence, they are required to build a logical bridge spanning the evidence and conclusions "sufficient to allow [the reviewing court] to assess the validity of the ultimate findings and afford meaningful review," and ALJs must not "ignore a line of evidence supporting a finding of disability." *Id.*

Plaintiff repeatedly complained about hand pain, and testified as to limitations as a result of the arthritis in her hands. She explained that although medication sometimes helped with her arthritis symptoms nothing at all helped in cold weather. AR 53. The ALJ mentioned Plaintiff's complaints about pain in her hands and referred to her testimony about her difficulties with handling, but concluded that Plaintiff's statements about the limiting effects of her impairments are "inconsistent with the medical evidence" because she "has primarily received conservative and routine treatment" without "significant worsening." AR 23.  However, "[s]imply because one is characterized as 'stable' or 'improving' does not necessarily mean that she is capable of doing light work." *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014) (as amended Aug. 20, 2014). An ALJ can decide discount a claimant's testimony in light of routine and conservative treatment, so long as the ALJ does not unreasonably minimize the extent of the claimant's treatment, *see Huber v. Berryhill*, 732 F. App'x 451, 456 (7th Cir. 2018), or make assumptions about the claimant's failure to seek treatment without asking the claimant about the reasons for the purported noncompliance. *See Keiper v. Berryhill*, 383 F. Supp. 3d 819, 823 (N.D. Ind. 2019) ("A claimant's inability to afford treatment can excuse the failure to seek such treatment, and by failing to explore this possibility as an explanation for [claimant's] 'routine' care, the ALJ committed error."). In this

4

case, the ALJ did not address the medical evidence, including information from the x-rays of her hands showing "arthritic changes." AR 700. Plaintiff took pain medication and Cymbalta to treat her arthritis, and "[t]he ALJ provides no medical support for her contention that this is 'conservative' therapy, which somehow undermines Plaintiff's allegations of disability." *Suess v. Colvin*, 945 F. Supp. 2d 920, 929 (N.D. Ill. 2013) (citing *Rohan v. Chater,* 98 F.3d 966, 968 (7th Cir.1996)).

The hearing testimony indicates that the ALJ considered incorporating limitations in handling into the RFC. She asked the VE if there would be jobs available to someone like the Plaintiff if she were limited to "occasional bilateral upper extremity handling, fingering [and] feeling," and in response the VE testified that there would not be any full-time jobs available with that limitation. AR 56. The ultimate RFC included no reference to any handling limitations, raising concerns that the ALJ predetermined that Plaintiff was not disabled and made conclusions about the credibility of her limitations based on whether there are jobs available rather than honestly evaluating her abilities. *Stark v. Colvin*, 813 F.3d 684, 688 (7th Cir. 2016) (identifying "a deeper problem in the ALJ's analysis: the ALJ based her credibility finding on her finding about [claimant]'s ability to work, but a proper assessment requires the reverse"); *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) (explaining that if "ability to work is determined first and is then used to determine the claimant's credibility[, t]hat gets things backwards").

In short, the ALJ failed to draw a logical bridge between the evidence that Plaintiff suffered from arthritic pain in her hands and the conclusion that she could work eight-hour days and forty-hour weeks with no limitation in the amount of handling or grasping. Remand is required for a new evaluation of Plaintiff's symptoms and RFC.

**IV.     Conclusion**

For the foregoing reasons, the Court **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 12] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 2nd day of February, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record